## Case No. 14,606.

### UNITED STATES v. BLADEN.

[1 Pet. C. C. 213.][1]

Circuit Court, D. Pennsylvania. April Term, 1816.

SEAMEN—INDICTMENT FOR CONFINING MASTER—WHAT IS CONFINEMENT—JUSTIFICATION.

1. If the master of a vessel is restrained from performing the duties of his station, by such mutinous conduct of the crew, as would reasonably intimidate a firm man; this is a confinement, within the meaning of the act of congress [1 Stat. 112]. The master going armed, to every part of the vessel, if it was necessary for his safety that he should so protect himself, does not alter the case.

[Cited in U. S. v. Smith. Case No. 16,345; U. S. v. Hemmer, Id. 15,345; U. S. v. Huff, 13 Fed. 641.]

2. Seizing the person of the master, although the restraint be but momentary, is a confinement, prohibited by the law, and such conduct is not excused or justified by a previous battery on the seamen; whose duty it was to have obeyed the command of the captain, which was enforced by such battery.

Indictment for "confining the captain of a merchant vessel, and endeavoring to make a revolt," upon the 12th section of the act of congress entitled "An act for the punishment of certain crimes against the United States." 2 Laws U. S. 93.

The amount of the evidence given on the part of the prosecution was that the crew of this vessel, during the voyage, came in a tumultuous manner to the quarter deck, where the captain was, and with great insolence demanded of the captain why he had the preceding evening spoken to them in harsh language; and threatened not to go to their duty, unless they should receive some assurance of better treatment. The captain, from the conduct of the crew, on this occasion, went below and armed himself, and returned to the quarter deck, where he found the defendant and another of the crew still remaining. On a subsequent day, the master ordered the crew aft, when the defendant alleging himself to be sick, the captain ordered physic to be administered, which, with insolent language, he refused to take. The captain took up a chair and pushed him away, ordering him at the same time to go forward. The defendant immediately seized the captain, and got him to the quarter railing, whence he would have quickly precipitated him overboard, if he had not been rescued by the second officer and one of the crew. The captain stated, that during the greater part of the voyage, he went armed, not thinking himself safe otherwise, whilst going about his business.

WASHINGTON, Circuit Justice, charged the jury to direct their attention exclusively to the count for confining the captain; and advised an acquittal upon the other count, in case the jury should find the defendant guilty on the first count. See the case of U. S. v. Sharp [Case No. 16,264].

He stated to them, that if the captain was restrained from performing the duties of his station, by such mutinous conduct of his crew, as might reasonably intimidate a firm man; this would amount to a constructive confinement, within the meaning of the law; and that it made no difference in this respect, that the master did, in fact, go unmolested to every part of his vessel, whenever he pleased; if he was compelled, by a regard for his own safety, to go armed; and if in the opinion of the jury, from all the circumstances of the case, it was necessary or prudent for him to do so.

But secondly, that the seizing the captain by the defendant, amounted to an actual confinement, although the restraint continued only a minute or two; the law making no distinction as to the duration of the confinement. That the raising of the chair by the captain, and pushing the defendant from him, did not justify the defendant in seizing the captain; it was his duty to have gone forward, as he was ordered to do, and which this act was only intended to enforce.[2]

Verdict, "Guilty."

---

[2] U. S. v. Smith [Case No. 16,337]. An endeavour to make a revolt, within the act of 30th April, 1790 [1 Stat. 112], is an endeavour to excite the crew to overthrow the lawful authority and command of the master and officers of the ship. It is, in effect, an endeavour to make a mutiny in the ship.

U. S. v. Hamilton [Case No. 15,291]. On an indictment for an endeavour to make a revolt in a ship, founded on the 12th section of the act of the 30th April, 1790, c. 9, it is not necessary to prove that the act was committed on the high seas.

---

[1] [Reported by Richard Peters, Jr., Esq.]